ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
Anant Kumar (admitted *pro hac vice*)
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com
akumar@zuckerman.com
npeyser@zuckerman.com

ZUCKERMAN SPAEDER LLP
Rachel F. Cotton (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
rcotton@zuckerman.com

PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, 90069
Tel: (310) 598-3690, x. 101
Fax: (888) 975-1957
mbendat@psych-appeal.com

*Attorneys for Plaintiffs and the Putative Class*

*Additional Counsel located on the next page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| JANE SMITH and JANE ROE, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>UNITED HEALTHCARE INSURANCE CO. and UNITED BEHAVIORAL HEALTH,<br><br>                    Defendants. | Case No. 4:18-cv-06336-HSG<br><br><br>**STIPULATED QUALIFIED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

1  CROWELL & MORING LLP
   Jennifer S. Romano (SBN 195953)
2  Narain Kumar (SBN 301533)
   515 South Flower Street, 40th Floor
3  Los Angeles, CA 90071
   Tel: (213) 622-4750
4  Fax: (213) 622-2690
   jromano@crowell.com
5  nkumar@crowell.com

6
   CROWELL & MORING LLP
7  Michael W. Lieberman (admitted *pro hac vice*)
   1001 Pennsylvania Ave., N.W.
8  Washington, D.C. 20004-2595
   Tel: (202) 624-2500
9  Fax: (202) 628-5116
   mlieberman@crowell.com
10

11 CROWELL & MORING LLP
   Jared L. Facher (admitted *pro hac vice*)
12 590 Madison Avenue, 20th Floor
   New York, NY 10022
13 Tel: (212) 223-4000
   Fax: (212) 223-4134
14 jfacher@crowell.com

15

16 *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28
                                    STIPULATED QUALIFIED PROTECTIVE ORDER
                                    REGARDING CONFIDENTIAL INFORMATION
                                    CASE NO. 4:18-cv-06336-HSG

## I.     PURPOSES AND LIMITATIONS

In this action, discovery will likely involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulated to and, pursuant to Local Civil Rule 7-12, petition the Court to enter the following Stipulated Qualified Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

## II.     PRIVACY PROTECTIONS

The parties acknowledge that information produced in discovery may contain "protected health information" ("PHI") subject to the protections of the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  45 C.F.R. § 164.512 permits disclosure of PHI in response to a discovery request or other lawful process if the parties to the dispute have agreed to a qualified protective order and have presented it to the court with jurisdiction over the dispute. 45 C.F.R. § 164.512 (e)(1)(iv)(A).

The parties agree that Defendants may redact, to the extent practicable, individually identifiable information about absent putative class members prior to producing PHI, including member names, addresses, dates of birth, social security numbers, and member or subscriber ID numbers. If they are redacted at all, member or subscriber ID numbers will be partially redacted, leaving unredacted at least that portion of the numbers that allows the parties to distinguish between members or subscribers. The parties recognize that the name of the members' health plan; the date(s) and location of treatment; and date(s) of benefit coverage determination(s) may be relevant to the parties' assessment of this case, and therefore agree that such information will not be redacted prior to production.

Notwithstanding the foregoing, Defendants shall redact information that would disclose whether any member or subscriber had a substance use disorder as referenced in 42 U.S.C. § 290dd-2 and 42 C.F.R. Part 2 ("Substance Use Disorder").  With these redactions, the parties intend that discovery in this case not include information identifying an individual as having a Substance Use Disorder.

Since redaction of an absent class member's individually identifiable information may be burdensome or impractical, Defendants are permitted to produce that information to Plaintiffs in unredacted form (except for information that could identify that a member or subscriber has a Substance Use Disorder). In the event that disclosed data elements constitute PHI, or in the event that any other PHI is disclosed within the unredacted portions of the discovery information, individual notice to the putative class members is deemed to be impractical and inadvisable, and good cause for the Order exists. The parties shall be allowed to disclose such information to the opposing party. To further protect PHI, any disclosure of this information shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the associated protections and restrictions set forth in the Order.  In the event unredacted information is disclosed that identifies an individual as having a Substance Use Disorder, even under a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, the Receiving Party, upon notification from the Producing Party, must immediately destroy it and notify the Producing Party.

Any party wishing to attach or reference individually-identifying information obtained from such PHI in connection with any motion or other paper filed with this Court, must file such information under seal.

## III.    DEFINITIONS

3.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2

3.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

3.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

3.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "Highly Confidential Personal Information" or highly sensitive information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.8     Highly Confidential Personal Information: means any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of

3

health care to such individual or subscriber. "Highly Confidential Personal Information" specifically includes PHI as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to HIPAA. *See* 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"). "Highly Confidential Personal Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Highly Confidential Personal Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain "Highly Confidential Personal Information." "Highly Confidential Personal Information" shall also refer to information that qualifies as "Personal Information" or "Personally Identifiable Information" as defined in state privacy laws including but not limited to an individual's name in combination with a social security number, account number of other financial information, state ID number, or other information that could be used to identify a particular individual.

   3.9   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   3.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   3.11   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

   3.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

STIPULATED QUALIFIED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
CASE NO. 4:18-cv-06336-HSG

3.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

The protections conferred by this Order cover: (1) Protected Material; (2) any information quoted or akin to a quote of Protected Material; (3) all copies, excerpts, summaries, or compilations of Protected Material; and (4) any testimony, conversations, or presentations that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**V.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court enters a contravening order. Final disposition shall be deemed to be the later of: (1)

5

dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.    DESIGNATING PROTECTED MATERIAL

6.1    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

(a) <u>for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>

The Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

Notwithstanding any other provision of this Order, nonpublic documents containing Highly Confidential Personal Information shall be treated as if designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order without regard to any formal designation by the Producing Party.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions

6

thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings:

The Designating Party must identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Parties shall give notice to the other Parties if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those portions of the proceedings discussing those materials. The use of a document as an exhibit at a deposition shall not in any way affect its designation as

7

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>:

The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

6.2    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof. Such motion must be filed within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.

Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has changed and/or waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to

9

which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    <u>Use Limited to this Litigation</u>. Documents or other materials produced by another Party or Non-Party in this case may only be used by the Receiving Party for prosecuting, defending, or attempting to settle this litigation, and shall not be used by the Receiving Party for any other purpose or in any other litigation.

When the litigation reaches a final disposition, a Receiving Party must comply with the provisions of Section XIV below ("Final Disposition"). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party;

(b)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(c)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

10

(f)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i)    officers, directors, and employees of the Designating Party.

8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

11

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     officers, directors, and employees of the Designating Party.

## IX:   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of the Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order was issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that

12

court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2.    promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject

13

to the confidentiality agreement with the Non-Party before a determination by the Court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order or otherwise by law, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.    INADVERTENT PRODUCTION OR DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

This Order is entered pursuant to Federal Rule of Evidence 502(d) and (e). Inadvertent production of materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in this Order and in Federal Rule of Civil Procedure 26(b)(5)(B). Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the materials inadvertently produced and the basis for withholding such materials from production.  If a

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

14

Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party must immediately take all commercially reasonable steps to return or destroy the Inadvertently Produced Privileged Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification.  Other than for an *in camera* review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved. The Parties will thereafter meet and confer regarding the disputed privilege claim.  If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies.  The Producing Party must preserve the Inadvertently Produced Privileged Information and the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

## XIII.  MISCELLANEOUS

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3    <u>Filing Protected Material</u>. Pursuant to the Commentary accompanying Local Civil Rule 79-5(b), the provisions of Local Civil Rule 79-5 govern the procedure for the filing of Protected Material under seal. As set forth in 79-5(d) and (e), designation under the Order alone is not sufficient basis for the Court to grant a motion to seal, and the burden remains on the Designating Party to protect its interest in confidentiality. A Party's mere reference to Protected

1  Material that does not reveal the confidential portions of the Protected Material shall not require

2  a submission under seal.

3      13.4    <u>Rights Respecting Named Plaintiffs' Confidential Material</u>. Notwithstanding

4  Section 8.2(a), Defendants may restrict disclosure of certain CONFIDENTIAL information

5  relating to only one of the named Plaintiffs to only that named Plaintiff upon written request to

6  Plaintiffs accompanying the production.  To the extent practicable, Defendants should include on

7  the documents or information relating solely to one named Plaintiff a unique identifier (Bates

8  stamp or other label) indicating the named Plaintiff to which the documents or information

9  apply.

10      Notwithstanding any other provision of this order Plaintiffs shall have no obligation to

11  keep confidential or destroy any material designated as "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" solely because it contains Highly

13  Confidential Personal Information relating to one or more Named Plaintiffs in this action, except

14  that a named Plaintiff who receives confidential information specifically identified for disclosure

15  to a different named Plaintiff pursuant to the preceding paragraph should promptly destroy such

16  information.

17  **XIV.   FINAL DISPOSITION**

18      Within sixty (60) days after the final disposition of this action, as defined in Section V,

19  each Receiving Party must return all Protected Material to the Producing Party or destroy such

20  material. As used in this subdivision, "all Protected Material" includes all copies or materials

21  quoting any of the Protected Material. Whether the Protected Material is returned or destroyed,

22  the Receiving Party must submit a written certification to the Producing Party (and, if not the

23  same person or entity, to the Designating Party) by the 60-day deadline stating that the Protected

24  Material was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain

25  an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

26  memoranda, correspondence, deposition and trial exhibits, expert reports, and attorney,

27                                    16

28

consultant and expert work product including notes and correspondence, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section V ("Duration").

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:          December 10, 2019

       CROWELL & MORING LLP       ZUCKERMAN SPAEDER LLP

By:   */s/ Michael W. Lieberman*   By:   */s/ Anant Kumar*
       Michael W. Lieberman       Anant Kumar
       *Attorneys for Defendants*       *Attorneys for Plaintiffs and the Putative Class*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 12/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

17

1
2
3
4
# **<u>EXHIBIT A</u>**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Qualified Protective Order Regarding Confidential Information ("Protective Order") that was issued by the United States District Court for the Northern District of California in the case *Smith v. United Healthcare Ins. Co.*, 4:18-cv-06336-HSG. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions therein.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]